UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIKEB SADDOZAI,<br><br>Plaintiff,<br><br>v.<br><br>KRISTEN ESTERHELD, et al.,<br><br>Defendants. | Case No. 20-01279 BLF (PR)<br><br>**ORDER OF DISMISSAL** |

Plaintiff, a state prisoner, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's motion for leave to proceed *in forma pauperis* will be addressed in a separate order.

**DISCUSSION**

**A.     Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune

from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B.  **Plaintiff's Claims**

Plaintiff is suing the Daly City Police Department for their actions in connection with his complaints of theft and fraud by his former girlfriend, Flora Sparks. Dkt. No. 1 at 4. He made these complaints on or about February 3, 2016, and an investigation was begun. *Id.* at 4-5. Plaintiff claims that although he provided police with a description of his stolen items and Ms. Spark's known location, no arrest took place. *Id.* at 5. Plaintiff claims that police "declined to make an arrest simply because Flora Sparks, and plaintiff… were in a prior relationship." *Id.* Plaintiff claims their inaction amounts to deliberate indifference and that they should be held liable for damages that was a result of "willful or wanton act," which deprived him of his "property, obstruction of justice, denial of equal protection and due process of the law, under the Fifth, and Fourteenth Amendment… and protection of public safety by failing to arrest of those persons suspected of criminal activity." *Id.* at 7. He seeks injunctive and declaratory relief as well as damages. *Id.* at 10.

Plaintiff fails to state a claim for relief because he cannot satisfy either element for a § 1983 claim, i.e., that a constitutional or federal right was violated. The Fifth and Fourteenth Amendments protect citizens from the deprivation of life, liberty, or property by the federal and state governments without due process of law. However, the loss of property alleged in this action was not committed by the either the federal or state government but by a private citizen, *i.e.*, Plaintiff's former girlfriend. As such, Plaintiff also cannot satisfy the second element, that the alleged violation was committed by a

person acting under the color of state law.  The fact that the police decided to forego pursuing a criminal action against Ms. Sparks and recover Plaintiff's property for him does not make them responsible for the original loss.  Accordingly, the complaint must be dismissed for failure to state a claim for relief.  *See* 28 U.S.C. § 1915A(b)(1), (2).  Because it is not factually possible for plaintiff to amend the complaint so as to cure this deficiency, the dismissal is without leave to amend.  *See Schmier v. United States Court of Appeals*, 279 F.3d 817, 824 (9th Cir. 2002).

## CONCLUSION

For the foregoing reasons, the complaint is **DISMISSED with prejudice** for failure to state a claim for which relief can be granted.

**IT IS SO ORDERED.**

Dated:  __June 30, 2020_____

BETH LABSON FREEMAN
United States District Judge

Order of Dismissal
PRO-SE\BLF\CR.20\01279Saddozai_dism(ftsac)